Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
**_Attorneys for Plaintiff_**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BRUGGINK, individually
and on behalf of all others similarly
situated,

Plaintiff,

     vs.

TRANSWORLD SYSTEMS INC., and
DOES 1 through 10, inclusive, and each
of them,

Defendant.

Case No.

## **CLASS ACTION**

## **COMPLAINT FOR VIOLATIONS OF:**

1.   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, *Et Seq.*;
2.   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g, *Et Seq.*; and
3.   VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *Et. Seq.*.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL BRUGGINK (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through his attorneys, The Law Offices of Todd M. Friedman, P.C., against Defendant TRANSWORLD SYSTEMS INC. (hereinafter "Defendant" or "Transworld") and DOES 1-10, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate

abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. Furthermore, the California Legislature enacted the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") because "[t]he banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.   Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers". Cal. Civ. Code § 1788.1(a)(1).  The California Legislature found that "[t]here is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other". *Id.* § 1788.1(a)(2).

4. The California Legislature explained that the purpose of the RFDCPA was to ". . . prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title". *Id.*

§ 1788.1(a)(3).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

7.  Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.  Plaintiff is a natural person and a resident of Los Angeles County in the State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3) and a "debtor" as defined by RFDCPA, Cal. Civ. Code § 1788.2(h).

9.  Defendant is a collection agency with its principal office located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal

purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under FDCPA, 15 U.S.C. § 1692a(6) and RFDCPA, Cal. Civ. Code § 1788.2(c).

12. Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. Plaintiff brings this action on behalf of a Class consisting of (a) all individuals within the United States of America (b) to whom Transworld (c) sent an initial collection letter attempting to collect a consumer debt (d) without identifying the name of the creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

15. Additionally, Plaintiff brings this action on behalf of The Sub Class consisting of (a) all individuals with addresses in the State of California (b) to whom Transworld (c) sent an initial collection letter attempting to collect a consumer debt (d) without identifying the name of the creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to

the filing of this action and on or before a date 21 days after the filing of this action.

16. Collectively, The Class and California Sub-Class will be referred hereinafter as the "Plaintiff Classes".

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

18. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers violate 15 U.S.C. §§ 1692e and 1692g.

20. The Plaintiffs' claims are typical of The Class and Sub-Class members, as all are based upon the same facts and legal theories.

21. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class

actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests

that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only

as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **ALLEGATIONS OF FACT**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

26. Some time prior to December 14, 2016, an obligation was allegedly incurred to Sun Studio LA Marina.

27. The Sun Studio obligation arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

28. The alleged Sun Studio obligation is a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

29. Sun Studio is a "creditor" as defined by FDCPA, 15 U.S.C. § 1692a(4).

30. Sun Studio or subsequent owner of the Sun Studio debt contracted the Defendant to collect the alleged debt.

31. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

32. On or about December 14, 2016, Defendant sent a collection letter (the

"Letter") to the Plaintiff regarding the alleged debt owed to Sun Studio.

33. Upon information and belief, the Letter was the first communication from Transworld to the Plaintiff with regards to the Sun Studio debt.

34. Plaintiff received the letter and read it.

35. The Letter states in part:

"Please send payment to: Sun Studio LA Marina"

36. Although the Letter identifies where to mail payment, the Letter fails to explicitly or implicitly identify Plaintiff's current creditor.

37. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor Transworld was attempting to collect for.

38. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

39. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

40. Merely instructing debtor to send payment to "Sun Studio LA Marina" does not explicitly convey that "Sun Studio LA Marina" is the current creditor to whom the debt is owed.

41. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under

the FDCPA.

42. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

43. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

44. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

45. As a result of the Defendant's violations of the FDCPA and RFDCPA, the Plaintiff was harmed.

46. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*
**-On Behalf of The Plaintiff Classes -**

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated said section by:

- Making a false and misleading representation in violation of §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff and Plaintiff Classes for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, and they are thereby entitled to actual damages, statutory damages, and costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***
**-On Behalf of The Plaintiff Classes-**

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the

---

Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. Pursuant to 15 USC §1692g, a debt collector:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
(4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55. The Defendant violated 1692g(a)(2) by failing to name the creditor to whom the debt is owed.

56. By reason thereof, Defendant is liable to Plaintiff and Plaintiff Classes for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, and they are thereby entitled to actual damages, statutory damages, and costs and attorneys' fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT
Cal. Civ. Code § 1788 *et seq.*
-On Behalf of The California Sub-Class-**

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17.

59. Thus by engaging in conduct prohibited by Sections e and g of the FDCPA, Defendant violated the RFDCPA. 15 U.S.C. §§ 1692e & g.

60. By reason thereof, Defendant is liable to Plaintiff and The California Sub-Class for judgment that Defendant's conduct violated the RFDCPA, and they are thereby entitled to actual damages, statutory damages, and costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a) Declaring that this action is properly maintainable as a Class

Action and certifying Plaintiff as Plaintiff Classes' representative, and The Law Offices of Todd M. Friedman, P.C. as Plaintiff Classes' Counsel;

(b) Awarding Plaintiff and the Plaintiff Classes statutory damages;

(c) Awarding Plaintiff and the Plaintiff Classes actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Plaintiff Classes such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

61. Plaintiff demands, pursuant to his rights under the Seventh Amendment of the Constitution of the United States of America, a trial by jury on all issues so triable.

Respectfully Submitted this 20th Day of March, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

---

CLASS ACTION COMPLAINT